IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JR PRODUCE, INC. | § § | Case No. 14-31947<br>Chapter 11 |
| Debtor. | § | |

## APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C. AS ATTORNEYS FOR THE DEBTOR

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

JR PRODUCE, INC. (the "Debtor"), hereby files this Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Debtor (the "Application"). In support of the Application, the Debtor relies upon the Affidavit of Aldo R. Lopez (the "Lopez Affidavit") attached hereto as Exhibit "A". The Debtor presents this Application and respectfully represents the following:

### I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule

2014 of the Local Rules of Bankruptcy Procedures for the Western District of Texas.

3. On December 1, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors committee has been appointed in this Case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

## II. RETENTION OF JAMES & HAUGLAND, P.C.

5. By this application, the Debtor seeks to employ and retain James & Haugland, P.C. ("J&H") as its counsel, as of the Petition Date, in connection with various matters, including the Debtor's commencement and prosecution of its chapter 11 Case. Pursuant to § 327(a) of the Bankruptcy Code, the Debtor requests that the Court approve the employment of J&H as its counsel to perform the extensive legal services that will be necessary. The Debtor has been informed that Aldo R. Lopez will act as lead J&H counsel for the Debtor in the chapter 11 Case. Mr. Lopez can be contacted at James & Haugland, P.C., 609 Montana Avenue, El Paso, Texas, 79902; phone (915) 532-3911; facsimile (915) 541-6440 and; email address of alopez@jghpc.com

6. The employment of J&H is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor-in-Possession. Subject to further order of this Court, it is proposed that J&H be employed as primary bankruptcy counsel to:

    a.    take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

    b.    prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and prosecution

of the Debtor's Case, including but not limited to the preparation and filing of Chapter 11 Disclosure Statements and Plans of Reorganization;

c.  advise the Debtor generally in the areas of bankruptcy, real estate, labor law, or other such services as requested;

d.  represent the interests of the Debtor entity in formulation, preparation and presentation of Chapter 11 Disclosure Statement and Plan of Reorganization for the Debtor-out-of-Possession in the event of a subsequent appointment of a Chapter 11 Trustee; and

e.  and perform all other necessary legal services in connection with the Case.

7. It is necessary that the Debtor employ counsel to render the foregoing professional services. J&H has stated its desire and willingness to act as counsel in the Case and render the necessary professional services as attorneys for the Debtor.

8. The Debtor has selected J&H to provide them representation in the Case because their expertise with bankruptcy cases of similar size and scope is well known. Additionally, J&H is familiar with the local rules and procedures of this Court.

9. The Debtor seeks approval of the Application within 21 days of the Petition Date. Bankruptcy Rule 6003, as amended, provides that a Court may grant relief regarding professional retentions within 21 days provided the relief is necessary to avoid immediate and irreparable harm. Courts have granted such relief. *See, e.g., In re First NLC Financial Serv., LLC,* 382 B.R. 547, 550 (S.D. Fla. 2008); *In re Aloha Airlines, Inc.,* Case No. 08-0037 (D. Hawaii March 21, 2008) Docket No. 58; *Tousa, Inc.,* Case No. 08-10928 (S.D. Fla. Jan. 31, 2008) Docket No. 115. *But cf. In re Manchester, Inc.,* Case No. 08-30703 (N.D. Tex. Feb. 17, 2008) Docket No. 68 (did not raise 6003 standard).

10. Section 327(a) states that "the trustee, with court's approval, may employ one or more attorneys ..." 11 U.S.C. § 327(a). Thus, under the statute the debtor in possession may not employ

counsel without the Court's approval. If counsel's employment has not been approved, there may be some reluctance on the part of third parties who need to negotiate various matters with the Debtors's counsel. Interim approval provides counsel with authority and legitimacy, which may be questioned if not approved as counsel. Furthermore, lack of approval on an interim basis may impact whether an attorney-client relationship exists. Thus, failure to approve J&H on an interim basis, subject to final approval, may result in immediate and irreparable damage to the Debtor.

### III. JAMES & HAUGLAND, P.C.'S CONNECTIONS AND LACK OF CONFLICTS

A. CONNECTIONS WITH THE DEBTORS

11.     Debtor is unaware of any circumstances where J&H was adverse to the Debtor. The Debtor has been informed that J&H's conflicts database management system (the "System") holds no information that would suggest that J&H is now or has ever been adverse to the Debtor.

B. CONNECTIONS WITH CREDITORS AND OTHER PARTIES IN INTEREST

12.     Other than J&H's representation of parties in interest as described in the Lopez Affidavit, Debtor and J&H have not identified any other connections between the Debtor's creditors or parties in interest and J&H. To the best of the Debtor's knowledge, the partners, counsel and associates of J&H do not have *any* other connection with or any interest adverse to the Debtor, or its respective attorneys and accountants or the United States Trustee or any person employed in the office of the United States Trustee, except as set forth herein and in the annexed Lopez Affidavit.

13.     Fed. R. Bankr. P. 2014(a) also requires a disclosure of all connections with the "debtor, creditors, any other party in interest, their respective attorneys and accountants. . . ." As expected, the results of these searches revealed no conflict of interest with regard to J&H's anticipated representation of the Debtor.

### IV. PROPOSED ARRANGEMENT FOR COMPENSATION

14.     J&H held $8,000.00 retainer for pre-bankruptcy negotiations, preparation of

Chapter 11 pleadings and as security against post-petition fees and expenses, as approved by orders of the Court. Prior to the filing herein, J&H drew down $2,043.30 from that retainer for pre-petition services. As of the Petition Date, $5,956.70 of that $8,000.00 retainer remains in the J&H Trust Account. The monies withdrawn from the Trust Account were for services rendered prior to the actual Chapter 11 filing.

15. Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to J&H on an hourly basis, plus reimbursement of actual, necessary expenses incurred by J&H. The primary attorneys and paralegal within J&H who will represent the Debtor and their current standard hourly rates are set forth below:

| | |
|---|---|
| Wiley F. James, III, Shareholder | $300 per hour |
| Corey W. Haugland, Shareholder | $300 per hour |
| Jamie T. Wall, Associate | $225 per hour |
| Aldo R. Lopez, Associate | $175 per hour |
| Janet J. Sinclair, Legal Assistant | $95 per hour |

16. The hourly rates set forth above are subject to adjustment on the first day of each subsequent calendar year. From time to time, other attorneys and paralegals from J&H may serve the Debtor in connection with the matters for which J&H will be retained. It is anticipated that any such other attorney and/or paralegal compensation will also be at their current (or hereafter adjusted) standard hourly rate.

17. The hourly rates set forth above are J&H's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate J&H for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is J&H's policy, in all areas of its practice, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to J&H's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external

photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies of documents with fewer than 20 pages at $.20 per page, travel expenses, expenses for "working meals," and computerized research. J&H will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to J&H's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

18. J&H reserves the right to request a bonus or fee enhancement. J&H has not agreed to share any compensation received with any other entity.

19. J&H's compliance with the requirements of Sections 327, 328, 330 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014, is set forth in detail in the James Affidavit attached as Exhibit "A."

## V. NOTICE

30. The Debtor has caused a copy of this Application to be served upon (I) the proposed Service List, which includes the pre-petition lenders and their counsel and the consolidated list of the top twenty (20) largest unsecured creditors of the Debtor; (ii) the United States Trustee; (iii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Debtor submits that no other or further notice need be provided.

31. No previous application for employment of counsel for the Debtor has been made to this or any other court.

32. The Debtor's form proposed Order for entry on this Application is attached as Exhibit "B".

WHEREFORE, the Debtor respectfully requests that the Court enter an (i) order approving the *Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Debtors,* effective as of the Petition Date, as set forth above, allowing J&H to retain the funds

charged against and the balance of the retainer provided by the Debtors in the amount of $8,000; (ii) authorizing the procedures for compensation and reimbursing professionals as set forth herein; and (iii) granting the Debtor such other and further relief to which it is entitled.

Dated: December 2nd, 2014

                                        Respectfully submitted,

                                        **JR PRODUCE, INC.**
                                        11410 Cedar Oak Dr.
                                        El Paso, TX 79936

                              By: /s/ Oscar Gonzalez
                                    Oscar Gonzalez, President

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JR PRODUCE, INC. | § § | Case No. 14-31947 |
| Debtor. | § § | Chapter 11 |

### AFFIDAVIT OF ALDO R. LOPEZ IN SUPPORT OF APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C. AS ATTORNEYS FOR THE DEBTORS

STATE OF TEXAS )
)
COUNTY OF EL PASO )

Aldo R. Lopez being duly sworn, deposes and says:

I am over 18 years of age and, if called as a witness, would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below:

1. I am an associate attorney at James & Haugland, P.C. ("J&H" or the "Firm"), proposed counsel for the Debtor. I am submitting this affidavit in support of the *Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Debtor* ("Application").

### Background

2. I am an attorney licensed to practice law in the State of Texas and have been a member in good standing of the Texas Bar since 2007. I am also admitted to practice before the Supreme Court of Texas; and the United States District Courts for the Western District of Texas.

3. I am an associate attorney in the law firm of James & Haugland, P.C. My office address is 609 Montana Avenue, El Paso, Texas, 79902, telephone (915) 532-3911, facsimile (915) 541-6440 and, email address of alopez@jghpc.com .

Client Files\0012662\00101\00502649.WPD


EXHIBIT A

## General Statement

4. Neither I nor the Firm represent any interest adverse to the Debtor, as required by 11 U.S.C. §§ 327(a); additionally, we are disinterested persons pursuant to 11 U.S.C. §101(14). Described below are all presently known connections and relationships between J&H, on the one hand, and the Debtor, the Debtor's creditors, any other party in interest, and their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee on the other hand. In preparing this affidavit, J&H performed a review of the connections and relationships between J&H and certain creditors of the Debtor and other parties in interest. To the extent that I become aware of any additional relationships, I will promptly file a supplemental affidavit. J&H will implement appropriate internal procedures to protect the interests of the Debtor in connection with the representations and relationships described below.

### Connections between James & Haugland, P.C. and the Debtor

5. I am unaware of any circumstances where J&H was adverse to the Debtor other than as described below. J&H's conflicts database management system (the "System") holds only information that would suggest that J&H has the below described connections with the Debtor.

### Connections between James & Haugland, P.C. and the Debtor's Creditors and Parties in Interest

6. Except for the proposed representation of the Debtor, neither I nor the Firm has represented or will represent any other entity in connection with these Case, and neither I nor the Firm will accept any fee from any other party or parties in this Case except as set out herein. Prior to undertaking representation of the Debtor, J&H has not previously represented JR Produce, Inc. in any capacity whatsoever.

7. J&H is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that J&H, its shareholders and associates:

    i)     Are not creditors, equity security holders, or insiders of the Debtor;

   ii) Are not and were not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor and

   iii) Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

8. J&H has not identified any connections between the Debtor's creditors or parties in interest and J&H. There are no additional connections between these creditors and J&H.

9. As expected, while the results of these searches revealed no conflict of interest with regard to the Firm's anticipated representation of the Debtor, connections to creditors and parties in interest were revealed.

## Compensation

10. Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to J&H on an hourly basis, plus reimbursement of actual, necessary expenses incurred by J&H. The primary attorneys and paralegal within J&H who represent the Debtors and their current standard hourly rates are set forth below:

| | |
|---|---|
| Wiley F. James, III, Shareholder | $300 per hour |
| Corey W. Haugland, Shareholder | $300 per hour |
| Jamie T. Wall, Associate | $225 per hour |
| Aldo R. Lopez, Associate | $175 per hour |
| Janet J. Sinclair, Legal Assistant | $95 per hour |

11. The hourly rates set forth above are subject to periodic adjustments, usually at the beginning of each calendar year. From time to time, other attorneys and paralegals/legal assistants

Client Files\0012662\00101\00502649.WPD

from J&H may serve the Debtors in connection with the matters for which J&H will be retained. The hourly rates set forth above are J&H's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate J&H for the work of its attorneys and paralegals/legal assistants and to cover fixed and routine overhead expenses. It is J&H's policy, in all areas of its practice, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to J&H's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies of documents with fewer than 20 pages at $.20 per page, travel expenses, expenses for "working meals," and computerized research. J&H will charge the Debtors for expenses in a manner and at rates consistent with charges made generally to J&H's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

12. J&H reserves the right to request a bonus or fee enhancement.

13. J&H has not agreed to share any compensation received with any other entity.

## Conclusion

14. In view of the foregoing, I believe that J&H (i) does not hold or represent an interest adverse to the Debtor, and its respective estates, (ii) does not hold or represent any other party in this Case, and (iii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties in interest to the Debtor's bankruptcy estate as they appear or become recognized during the Case. Accordingly, we reserve the right to, and shall supplement this disclosure if necessary as more information becomes available to us. The foregoing constitutes the statement of J&H pursuant to Section 327 and 328 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NOT.

Executed this 1st of December, 2014.

_____
Aldo R. Lopez

    SUBSCRIBED and SWORN to before me, the undersigned authority, on this 1st day of December 2014.

_____
Notary Public
My Commission Expires:

MARGIE CELAYA
NOTARY PUBLIC
In and for the State of Texas
My commission expires
February 24, 2017

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JR PRODUCE, INC. | § § | Case No. 14-31947 |
| Debtor. | § | Chapter 11 |

### INTERIM ORDER ON THE APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C. AS ATTORNEYS FOR THE DEBTOR

On _____, 2014, the Court conducted an interim hearing on the *Debtor's Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Debtor* (the "Application"). The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtor, its estate and its creditors and relief under Rule 6003 of the Federal Rules of Bankruptcy Procedure approving interim employment of James & Haugland, P.C. ("J&H") as of the Petition Date is necessary to avoid immediate and irreparable harm; (iv) J&H is a "disinterested person" as that term

Client Files\0012662\00101\00502649.WPD                   1



EXHIBIT B

is defined under Bankruptcy Code section 101(14) as modified by Bankruptcy Code section 1107(b); (v) proper

and adequate notice of the Application has been given; and (vi) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS, THEREFORE, ORDERED** that the *Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Debtor* is granted on an interim basis as set forth in this Order and until further Order of this Court;

**IT IS FURTHER ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ J&H as their bankruptcy counsel, effective as of the Petition Date, and in accordance with the engagement letter and this Interim Order, and to perform the services described therein and any fees and expenses shall be reviewed by the Court under § 330 of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that the requirements of section 329 of the Bankruptcy Code have been satisfied;

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after the entry of this Order, absent any objections filed within twenty-one (21) days after the filing and service of such supplemental declarations or affidavits, J&H's employment shall continue as authorized pursuant to this Order and any further Orders of this Court;

**IT IS FURTHER ORDERED** that any objection to this Order must be filed within twenty-one (21) days from the date of this Order. If an objection is received from the U.S. Trustee, any creditor or party-in-interest, the affected professional shall request a hearing before the Court.

**IT IS FURTHER ORDERED** that no work performed by J&H shall be unnecessarily duplicative of work performed by any other counsel retained by the Debtor in this Case;

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and

**IT IS FURTHER ORDERED** that counsel for the Debtor shall cause a copy of this Order to be served on the parties required by L.R. 9013(c)(1)(B) within three (3) days of entry of this Order and file a Certificate of Service with the Court reflecting such service.

###

Submitted By:
Aldo R. Lopez
State Bar No. 24060185
**JAMES & HAUGLAND, P.C.**
609 Montana Ave.
El Paso, Texas 79902
alopez@jghpc.com
PROPOSED ATTORNEY FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of December, 2014, a true and correct copy of the foregoing was served upon the following parties listed on the Court's ECF Noticing System via electronic means:

U.S. Trustee's Office
615 E. Houston, Suite 533
P.O. Box 1539
San Antonio, TX 78295-1539

and to all of the parties listed on the attached List of Creditors pursuant to L.R. 9013(c)(1)(B).

_____
ALDO R. LOPEZ

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 14-31947-hcm<br>Western District of Texas<br>El Paso<br>Tue Dec  2 11:35:01 CST 2014 | JR Produce, Inc.<br>11410 Cedar Oak Dr.<br>El Paso, TX 79936-6000 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2415 |
| 3 KINGS DISTRIBUTING/DAVID CHAVEZ<br>2921 BERT YANCEY,<br>EL PASO, TX 79936-2138 | ALTO VALLE FOODS, INC<br>301 RAYNOLDS SUITE A<br>EL PASO, TX 79905-1611 | AMIGOS MEAT DISTRIBUTORS<br>2423 E. University Dr.<br>Phoenix, AZ 85034-6910 |
| ARSA DISTRIBUTING, INC<br>500 W. OVERLAND # 250-N<br>EL PASO, TX 79901-1085 | AVANCE FOODS INC<br>306 E PAISANO DR<br>EL PASO, TX 79901-2722 | BANANAS & TROPICAL FRUITS INC.<br>3618 FRUTAS AVE<br>EL PASO, TX 79905-1224 |
| BLUE BELL CREAMERIES, L.P.<br>PO BOX 973601<br>DALLAS, TX 75397-3601 | CAPROCK CLAIMS MANAGEMENT, LLC<br>PO BOX 743427<br>DALLAS, TX 75374-3427 | CARGILL FOOD DISTRUBUTION<br>PO BOX 200050<br>SAN ANTONIO, TX 78220-0050 |
| CEBALLOS HONEY<br>P O BOX 1224<br>1118 E MAIN ST<br>FABENS, TX 79838-1224 | CELIA RIOS/CAKELAND SWEET FLAVORS<br>3116 WYOMING<br>EL PASO, TX 79903-4108 | CLIFFORD, ROSS, RAUDENBUSH & COOPER CPAS<br>1790 LEE TREVINO<br>Suite 400<br>EL PASO, TX 79936-4525 |
| COZZINI BROS., INC.<br>350 HOWARD AVENUE<br>DES PLAINES, IL 60018-1908 | City of El Paso<br>P.O. Box 2992<br>El Paso, TX 79999-2992 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| DEES FOODSERVICE EL PASO LLC<br>P.O. BOX 26249<br>EL PASO, TX 79926-6249 | DOA ANA EMPANADAS<br>5721 WEST VALLEY CIRCLE,<br>EL PASO, TX 79932-1931 | DS WATERS OF AMERICA, INC.<br>P O BOX 403628<br>ATLANTA, GA 30384-3628 |
| DUST TEX RENTAL<br>2630 E. YANDELL<br>EL PASO, TX 79903-3725 | David Aelvoet<br>Linebarger, Goggan, Blair<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | ECONOMY CASH & CARRY<br>PO BOX 1736<br>EL PASO, TX 79949-1736 |
| EL FENIX BAKERY<br>8438 ALAMEDA AVE<br>EL PASO, TX 79907-6066 | EL PASO BOLT & SCREW CO. INC.<br>7058 ALAMEDA AVE<br>EL PASO, TX 79915-3491 | EL PASO ELECTRIC COMPANY<br>P.O. BOX 650801<br>DALLAS, TX 75265-0801 |
| EL PASO WATER SERVICES<br>P.O.  BOX 511<br>EL PASO, TX 79961-0001 | EL TERRIBLE BOOTS, LLC.<br>901 HORIZON BLVD STE. C<br>SOCORRO, TX 79927-8013 | El Paso Central Appraisal District<br>5801 Trowbridge<br>El Paso, TX 79925-3346 |

| | | |
|---|---|---|
| El Paso County Tax Assessor/Collector<br>P.O. Box 2992<br>El Paso, TX 79999-2992 | FERNANDO HERNANDEZ<br>1218 Lakewood,<br>CANUTILLO, TX 79835-9603 | FIRE TECHNOLOGIES INTERNATIONAL, INC.<br>P.O. BOX 221695<br>EL PASO, TX 79913-4695 |
| FLOWERS BAKING CO. OF EL PASO<br>PO BOX 842226<br>DALLAS, TX 75284-2226 | FRASE FOODS, INC<br>3805 FRUTAS AVE.<br>EL PASO, TX 79905-1313 | FRONTIER ENTERPRISES<br>P.O. BOX 17963,<br>EL PASO, TX 79917-7963 |
| FRONTIER FOODS & COLD STORAGE INC<br>1601 E 4TH AVE<br>EL PASO, TX 79901-3505 | FRONTIER FOODS MEAT MARKET, LLC<br>2904 ALAMEDA<br>EL PASO, TX 79905-2208 | GABRIELA VARGAS<br>3301 ALAMEDA AVE<br>EL PASO, TX 79905-2305 |
| GARCIA FOODS EQUIPMENT<br>1630 MYRTLE AVE<br>EL PASO, TX 79901-1742 | GARCIA'S PRODUCE/MIRIAM GARCIA<br>1801 MILLS,<br>EL PASO, TX 79901-1829 | GECU<br>P.O. Box 20998<br>El Paso, TX 79998-0998 |
| GH DAIRY<br>9747 PAN AMERICAN DR<br>EL PASO, TX 79927-2122 | HARVEST MEAT COMPANY INC<br>1022 BAY MARINA DR #106<br>NATIONAL CITY, CA 91950-6327 | HECHO EN MEXICO, INC.<br>3945 DONIPHAN PARK CIRCLE<br>Suite ''C''<br>EL PASO, TX 79922-1361 |
| INTERCARNES TEXAS CORP.<br>9555 PLAZA CIRCLE STE.A<br>EL PASO, TX 79927-2000 | INTERLEASE<br>PO BOX 1536<br>SANTA TERESA, NM 88008-1536 | ISABEL CHACON<br>13899 HORIZON BLVD. STE. #1<br>HORIZON, TX 79928-6531 |
| ISABELLA FOODS INC<br>1133 BARRANCA DR.<br>EL PASO, TX 79935-5001 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| JCE II, LLC<br>P.O. BOX 960069<br>EL PASO, TX 79996-0069 | JOSE CRUZ MURO/PRODUCTOS SAN JOSE<br>3315 CORN WALL<br>EL PASO, TX 79925-2914 | JOSE JESUS FELIX/FELIX PRODUCE<br>10142 NORTH LOOP<br>EL PASO, TX 79927-5095 |
| KALIL BOTTLING CO<br>P O BOX 26888<br>TUCSON, AZ 85726-6888 | KARE DISTRIBUTION, INC.<br>1250 BROADWAY 30TH FLOOR<br>NEW YORK, NY 10001-3702 | LG FOODS, LLC<br>180 S. DARRINGTON<br>EL PASO, TX 79928-7446 |
| LOCO NOVELITIES, INC.<br>1111 BARRANCA DR, SUITE 300<br>EL PASO, TX 79935-5005 | MALGO ENTERPRISES<br>11410 CEDAR OAK<br>EL PASO, TX 79936-6000 | MARQUEZ DISTRIBUTING<br>6986 ALAMEDA AVE. SPACE C<br>EL PASO, TX 79915 |

| | | |
|---|---|---|
| MARTINEZ BRAND CRACKLINGS, LLC<br>515 S. MESA<br>EL PASO, TX 79901-2713 | MATAS PRODUCE INC<br>801 E SEVENTH AVE<br>EL PASO, TX 79901-3405 | MERCADO LATINO, .INC<br>245 BALDWIN PARK BLVD<br>INDUSTRY, CA 91746-1404 |
| MIMCO<br>6500 Montana Ave.<br>El Paso, TX 79925-2129 | MISSION FOODS<br>P O BOX 843789<br>DALLAS, TX 75284-3789 | MRS.BAIRDS BUSINESS TRUST<br>P O BOX 846243<br>DALLAS, TX 75284-6243 |
| MUZAK OF EL PASO<br>PO BOX 1998<br>SAN ANTONIO, TX 78297-1998 | NOA NOA CAFE, INC.<br>3010 PERSHING DR<br>EL PASO, TX 79903-2536 | OABG ENTERPRISES INC.<br>5111 FAIRBANKS,<br>EL PASO, TX 79924-3835 |
| OABG Enterprises, Inc.<br>11410 Cedar Oak Dr.<br>El Paso, TX 79936-6000 | OCHOA ENTERPRISES INC<br>840 HAWKINS BLVD STE C3<br>EL PASO, TX 79915-1230 | OJRA ENTERPRISES, INC.<br>4818 MONTATAN AVE<br>EL PASO, TX 79903-4813 |
| OJRA Enterprises, Inc.<br>11410 Cedar Oak Dr.<br>El Paso, TX 79936-6000 | OK PUMP<br>363 HORIZON<br>EL PASO, TX 79927-3838 | OLIVA & SONS, INC.<br>14808 TREND DR.<br>FARMERS BRANCH, TX 75234-2453 |
| OSLG ENTERPRISES, INC.<br>7110 ALAMEDA AVE<br>EL PASO, TX 79915-3502 | OSLG Enterprises, Inc.<br>11410 Cedar Oak Dr.<br>El Paso, TX 79936-6000 | Oscar & Martha Gonzalez<br>7100 Date Tree Lane<br>El Paso, TX 79915-4134 |
| PACHECO'S CANDIES<br>767 INDIAN RUIN<br>CHAPARRAL, NM 88081-7605 | PANDAS DISTRIBUTING, LLC<br>3601 FRUTAS AVE<br>EL PASO, TX 79905-1223 | PASO DEL NORTE PUBLISHING, INC /EL DIARI<br>1801 TEXAS AVE.,<br>EL PASO, TX 79901-1811 |
| PEREZIDENT PEPPERS<br>125 N STEVENS<br>EL PASO, TX 79905-1228 | POBLANA BAKERY<br>603 GILES RD<br>EL PASO, TX 79915-2727 | PRICES<br>LOCK BOX 730771<br>DALLAS, TX 75373-0771 |
| PRODUCTOS REAL<br>1100 PENDALE<br>EL PASO, TX 79907-1711 | QUALITY FRUIT AND VEG. COM.<br>10 ZANE GREY<br>EL PASO, TX 79906-5259 | REDDY ICE INC<br>PO BOX 730505<br>DALLAS, TX 75373-0505 |
| RIVERWALK MARKETING LLC<br>10950 PELICANO DRIVE<br>BLDG. -C STE. C-1<br>EL PASO, TX 79935-4615 | SABROSO FOODS<br>5140 FAIRBANKS<br>EL PASO, TX 79924-3868 | SALSA HERNANDEZ<br>3005 PERSHING DR.<br>EL PASO, TX 79903-2522 |

| | | |
|---|---|---|
| SANTOS COMMUNICATIONS, LLC<br>3125 E. McDOWELL RD.<br>EL PASO, AZ 75008 | SOPHISTIGIFTS C/O DANIEL LUNA<br>4106 LEEDS AVE<br>EL PASO, TX 79903-1104 | TEX-TEL PREPAID COMMUNICATIONS, INC.<br>20540 HWY 46 WEST, STE #115<br>SPRING BRANCH, TX 78070-6825 |
| TEXAS GAS SERVICE<br>P. O. BOX 219913<br>KANSAS CITY, MO 64121-9913 | TEXAS NEW MEXICO NEWSPAPER PARTNERSHIP /<br>P O BOX 65220<br>COLORADO SPRINGS, CO 80962-5220 | THE AUTHENTIC NEW MEXICAN INC.<br>540 SILVER CREEK RD. NW STE. A-2<br>ALBUQUERQUE, NM 87121-2002 |
| TORTILLERIA LA PRIMERA<br>PO BOX 2890, 326 FIRST ST<br>SUNLAND PARK, NM 88063-2890 | TORTILLERIA ZACATECAS<br>11836 GLORIETA<br>SAN ELIZARIO, TX 79849-9600 | TRI-STAR DISTRIBUTING<br>1477 LOMALAND DR. STE D-10<br>EL PASO, TX 79935-4704 |
| Texas Workforce Commission<br>TEC Building - Bankruptcy<br>101 East 15th Street<br>Austin, TX 78778-0001 | United States Attorney<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216-5597 | United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | VARELA'S FOOD PRODUCTS<br>6996 INDUSTRIAL AVENUE<br>EL PASO, TX 79915-1108 | VICTOR PRODUCE<br>3701 ALAMEDA<br>EL PASO, TX 79905-2506 |
| VILLALOBOS PEST CONTROL, INC.<br>1667 ROBERT WYNN<br>EL PASO, TX 79936-4716 | Wells Fargo<br>PO Box 54349<br>Los Angeles, CA 90054-0349 | Aldo R Lopez<br>James & Haugland, P.C.<br>609 Montana Ave.<br>El Paso, TX 79902-5303 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller Public Account
P.O. Box 149348
Austin, TX 78714-9348

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)MIMCO, INC
6500 MONTANA AVE
EL PASO, TX 79925-2129

End of Label Matrix
Mailable recipients   107
Bypassed recipients     1
Total                 108